UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BYRON L. COLEMAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:13-CV-1286-SPM |
| | ) |
| JAY CASSADY, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Byron Coleman's ("Petitioner's") *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Doc. 14). For the following reasons, the petition for a writ of habeas corpus will be denied.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

On August 19, 2009, police officers observed Petitioner giving a woman something (later identified as crack cocaine) from a bag in exchange for money, and shortly thereafter they found a bag in Petitioner's waistband containing an off-white substance that was later tested and found to be cocaine base weighing 4.98 grams. Resp't Ex. L, at pp. 2-3. After a jury trial, Petitioner was found guilty of trafficking in the second degree and was sentenced to twelve years as a prior offender and prior drug offender. Resp't Ex. C at pp. 53, 87-89. Petitioner filed a direct appeal, arguing that the evidence was insufficient to convict him of an offense requiring that he possessed at least two grams of cocaine base, because the state's criminalist did not specify in her testimony how much of the substance she had tested. Resp't Ex. D. On September 15, 2009,

the Missouri Court of Appeals issued its opinion affirming the sentence and judgment. Resp't Ex. F. Petitioner did not file a motion for rehearing or transfer, and the Missouri Court of Appeals issued its mandate on October 8, 2009. Resp't Ex. I, at p. 18; Pet'n, Doc. 1, at p. 2. On December 22, 2009, Petitioner filed his post-conviction motion. Resp't Ex. I, at pp. 3-11. In his amended post-conviction motion, he argued that his trial counsel was ineffective for failing to call as a witness an individual who would have testified that the police did not find any substances on Petitioner. Resp't Ex. I, at pp. 17-27. After holding a hearing, the motion court denied the motion, Resp't Ex. I, at pp. 28-38, and Petitioner appealed the denial. Resp't Ex. J. On June 19, 2012, the Missouri Court of Appeals entered its opinion affirming the denial of the post-conviction motion. Resp't Ex. L. Petitioner did not request a rehearing or transfer, and on July 12, 2012, the Missouri Court of Appeals issued its mandate. Resp't Ex. L.

Petitioner filed the instant *pro se* petition on July 3, 2013, the date he placed it in the prison mail system. Pet'n, Doc. 1, at p. 13.[1] Petitioner asserts two claims: (1) that his trial counsel was ineffective because trial counsel failed to call as a witness an individual who would have testified that the police did not find any substances on Petitioner; and (2) that the judgment and sentence against him violated his right to due process of law because the state's evidence was insufficient to prove beyond a reasonable doubt that he possessed more than two grams of cocaine base.

---

[1] Although the petition was not received by this Court until July 8, 2013, Petitioner indicated that the petition was placed in the prison mailing system on July 3, 2013. *See* Pet'n, Doc. 1, at p. 13. Applying the prison mailbox rule, *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999), *abrogated on other grounds by Riddle v. Kemna*, 523 F.3d 850 (8th Cir. 2008), the undersigned determines the initial petition to have been filed on July 3, 2013.

## II. DISCUSSION

### A. The Petition is Untimely

Respondent's first argument is that the instant action must be dismissed because it was not timely filed. Petitioner has not responded to this argument. For the reasons stated below, the Court agrees with Respondent and finds that the action must be dismissed because it is time-barred.

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year statute of limitations for habeas corpus petitions. 28 U.S.C. § 2244(d)(1). Failure to file within one year requires dismissal of the petition for a writ of habeas corpus. *See Cross–Bey v. Gammon*, 322 F.3d 1012, 1014-16 (8th Cir. 2003). The one-year statute of limitations begins to run on the latest of the following:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The latest relevant date here on which the statute began to run is the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. *See id.* § 2244(d)(1)(A). Where, as here, the petitioner does not appeal to the state's highest court, the judgment becomes final when the time for seeking review with the

highest court expires. *Gonzalez v. Thaler*, 132 S.Ct. 641, 653-54 (2012). Petitioner's time for seeking review with the Missouri Supreme Court expired fifteen days after the Missouri Court of Appeals issued its opinion in his case. Mo. Sup.Ct. R. 83.02 (application for transfer to Supreme Court to be filed within fifteen days of appellate opinion). In this case, the Missouri Court of Appeals issued its opinion on Petitioner's direct appeal on September 15, 2009. Resp't Ex. F; Thus, the time for seeking review expired on September 30, 2009, and the limitations period began to run on October 1, 2009.

The limitations period is tolled, however, while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The pendency of post-conviction review includes the time between the trial court's denial of post-conviction relief and the timely filing of an appeal from the denial. *Beery v. Ault*, 312 F.3d 948, 950 (8th Cir. 2002). It also includes the time during which the appeal is pending. *See, e.g.*, *Bowman v. Russell*, No. 4:12-CV-0955-JCH, 2015 WL 587179, at *3 (E.D. Mo. Feb. 18, 2015). On December 22, 2009, Petitioner filed his motion for post-conviction relief, tolling the statute of limitations. Resp't Ex. I, at p. 3. At that time, 82 days of the limitations period had run, and 283 days remained. Petitioner appealed the denial of the motion, and on June 19, 2012, the Missouri Court of Appeals issued its opinion affirming the denial of Petitioner's post-conviction motion. Resp't Ex. L. The time for filing an application for transfer to the Missouri Supreme Court expired 15 days later, on July 5, 2012. *See* Mo. Sup. Ct. R. 83.02. The Missouri Court of Appeals issued its mandate on July 12, 2012. Resp't Ex. L. Treating the date the mandate was issued as the latest possible date on which the state post-

4

conviction action could have been considered "pending,"[2] the limitations period began to run again on July 13, 2012, and it ended 283 days later, on Monday, April 22, 2013. However, Petitioner did not file his petition until July 3, 2013—72 days after the limitations period had ended. Doc. 1, at p. 15. Therefore, the petition was filed outside of the limitations period and must be dismissed.

Although Petitioner has not argued that he is entitled to equitable tolling, the Court nonetheless has considered the issue. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Here, there is nothing in the record to indicate either that Petitioner was pursuing his rights diligently or that any extraordinary circumstances prevented him from filing his petition within the limitations period. Petitioner waited almost a year after the conclusion of his post-conviction proceedings to file his federal habeas petition, with no apparent justification. Thus, Petitioner is not entitled to equitable tolling of the statute of limitations, and this action must be dismissed as time-barred.

---

[2] Although *Gonzales* did not address post-conviction actions, its logic suggests that a post-conviction action would cease to be pending when the time to apply for rehearing or transfer expired rather than the date the mandate was issued. Courts have sometimes followed that approach. *See, e.g., Bowman*, 2015 WL 587179, at *3 (finding that a "post-conviction motion . . . remained pending throughout the period during which [the petitioner] could have appealed the Court of Appeals' decision on his post-conviction motion," and therefore finding that the tolling period ended 15 days after the Missouri Court of Appeals issued its opinion denying post-conviction relief). However, some courts after *Gonzales* have used the date of the mandate to determine when the post-conviction action is pending, and the Court will give Petitioner the benefit of the doubt by using that date. *See Mack v. Wallace*, No. 16-0006-CV-S-BCW-P, 2016 WL 3014701, at *1 (W.D. Mo. May 24, 2016) ("The statute of limitations was tolled until . . . the Missouri Court of Appeals issued its mandate affirming the denial of post-conviction relief."); *Miller v. Hurley*, No. 4:12CV2192 CDP, 2013 WL 5491876, at *1-*2 (E.D. Mo. Oct. 1, 2013) (finding that the statute of limitations resumed running the day after the Missouri Court of Appeals issued its mandate rejecting Petitioner's post-conviction relief claims).

### B. No Certificate of Appealability Will Be Issued

Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from the final order in a 28 U.S.C. § 2254 proceeding unless a circuit judge or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). To grant such a certificate, the judge must find that the petitioner "has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2); *Tiedman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). The Court finds that reasonable jurists could not differ on the question of whether Petitioner's petition was timely, so the Court will not issue a certificate of appealability.

### III. CONCLUSION

For all of the above reasons, Petitioner's petition is untimely and must be dismissed. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue because Petitioner has failed to make a substantial showing that he has been denied a constitutional right. 28 U.S.C. § 2253.

A separate Judgment shall accompany this Memorandum and Order.

SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 14th day of July, 2016.